IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | Criminal No. 16-102 |
| ) | |
| MICHAEL ALLEN SANDERS ) | |

**Memorandum Opinion and Order**

Defendant Michael Allen Sanders has filed a Motion for Early Termination of Supervised Release. ECF No. 67. The government has filed a Response opposing the Motion. ECF No. 70. On June 5, 2017, Mr. Sanders pleaded guilty to one count of possession of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(4)(B). His calculated guideline sentence range was 97 to 121 months' imprisonment. The sentencing Court varied from the guideline range and, on December 4, 2017, imposed a sentence of 57 months' imprisonment, to be followed by five years of supervised release. ECF No. 59. Mr. Sanders was released from imprisonment, and began his term of supervision, on January 14, 2022. For the reasons explained below, Mr. Sanders' Motion will be denied

**I.     Applicable Law**

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when

determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.[2]

### III. Discussion

Mr. Sanders argues that early termination of his supervised release is warranted based on the fact that he has successfully complied with the conditions of his supervised release, he continues to communicate with his probation officer, has proven that he is amenable to treatment, is employed, and he has excellent relationships with his children and his ex-wife. He also argues if his supervision is terminated, he will have better employment, housing, and

---

[1] The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

[2] To be clear, the Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

financial opportunities. He also argues that termination of supervision will permit him to fully integrate back into the community, while further supervision would only punish him.

In opposing termination of supervised release, the government commends Mr. Sanders success on supervision and the progress he has made, but the government also argues that early termination is not warranted. Overall, the government argues that supervision is working in this case and, in light of the serious offense of conviction, termination of supervision is not warranted. The government also argues that Mr. Sanders has offered no reason to show that his original term of supervision of five years is not appropriate in this case. The United States Probation Officer supervising Mr. Sander takes no position on the present Motion, but reports, consistent with the Defense Motion, that "Mr. Sanders has been doing well under supervision, abiding by his conditions of release, and keeping in touch with her as directed." Def. Mot. ¶ 2.

Mr. Sanders has been compliant with the terms of his supervision; however, the fact of compliance alone is typically not a sufficient reason to warrant the early termination of supervised release in most cases. There is no evidence that Mr. Sanders' terms of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, or to protect the public. Mr. Sanders' offense of conviction is serious. As noted, the sentence court varied from the low end of the guideline range of 97 months, to impose a sentence of 57 months' imprisonment. The sentencing court also determined that a five-year term of supervised release was appropriate in Mr. Sander's case, a term of supervision that is on the low end for such offenses. The Court concludes that the original term of supervision remains an appropriate term of supervised release.

### IV. Conclusion

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and considering the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that early termination of Mr. Sander's supervised release is not warranted.

Accordingly, the following Order is hereby entered.

AND NOW, this 11th day of October 2024, it is hereby ORDERED, that Michael Allen Sanders' Motion for Early Termination of Supervised Release, ECF No. 67, is DENIED.

*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge